UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BARNEY,

        Petitioner,                       Case Number: 5:03-CV-72453
                                                 HON. JOHN CORBETT O'MEARA

v.

PAUL RENICO,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner James Barney is in the custody of the Michigan Department of Corrections pursuant to convictions for second-degree murder, two counts of assault with intent to commit murder, two counts of assault with intent to commit great bodily harm, and possession of a firearm during the commission of a felony. Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the ground that the petition is untimely. The Court finds that the petition was not timely filed and grants the motion.

**I.**

Petitioner was convicted of second-degree murder, two counts of assault with intent to commit murder, two counts of assault with intent to commit great bodily harm, conspiracy to commit murder, and possession of a firearm during the commission of a felony in the Third Judicial Circuit Court for Wayne County, Michigan. On March 13,

1998, he was sentenced to thirty to eighty years imprisonment for the murder conviction, twenty to sixty years imprisonment for each assault with intent to commit murder conviction, six to ten years imprisonment for each assault with intent to commit great bodily harm conviction, and life imprisonment for the conspiracy to commit murder conviction, all of the foregoing to be served concurrently with one another and consecutively to a term of two years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals reversed Petitioner's conviction for conspiracy to commit murder, and affirmed Petitioner's remaining convictions. *People v. James,*[1] No. 211331 (Mich. Ct. App. March 20, 2001).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal, *People v. James*, 465 Mich. 972 (Mich. Apr. 9, 2002), and denied a motion for reconsideration. *People v. James*, 466 Mich. 887 (Mich. 2002).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting nine claims for relief. The Court stayed the proceedings to allow Petitioner to exhaust his state court remedies and administratively closed the matter. Petitioner later moved to lift the stay. On August 20, 2014, the Court lifted the stay without prejudice to Respondent's

---

[1]Petitioner is referred to as "Barney James" in the state court record, but filed this habeas petition as "James Barney." The Michigan Department of Corrections' Offender Tracking Information System reflects that Petitioner's last name is James. Therefore, the Court orders the case caption amended to read: "Barney James v. Paul Renico."

right to raise a claim asserting non-compliance with the Court's stay order. Petitioner filed an amended petition on September 26, 2014. Respondent has now filed a motion to dismiss arguing that Petitioner failed to comply with the terms of the stay.

## II.

Respondent argues that the petition should be dismissed because Petitioner failed to comply with the terms of the Court's order granting a stay, and the amended petition, therefore, is untimely. The Court granted the stay conditioned upon Petitioner filing a motion for relief from judgment in the trial court within thirty days from the date of the stay order and filing a motion to lift the stay in this Court within thirty days after the conclusion of state court proceedings. Respondent claims that Petitioner failed to move to lift the stay within thirty days of completing state court review.

The Court stayed this matter on February 24, 2004. Petitioner filed a motion for relief from judgment in state court on April 16, 2003. The Wayne County Circuit Court denied Petitioner's motion for relief from judgment on May 27, 2005. *People v. James*, No. 97-03228-01 (Wayne County Cir. Ct. May 27, 2005). The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal. *People v. James*, No. 268271 (Mich. Ct. App. Aug. 16, 2006). On October 17, 2006, the Michigan Supreme Court rejected Petitioner's application for leave to appeal because it was not timely filed. *See* Affidavit of Larry Royster, Michigan Supreme Court Clerk.

Petitioner failed to ask the Court to reopen these proceedings in accordance with the terms of the stay. The Michigan Court of Appeals denied Petitioner's application for

3

leave to appeal the denial of his motion for relief from judgment on August 16, 2006. Petitioner application for leave to appeal in the Michigan Supreme Court was untimely. Petitioner moved to lift the stay in this matter on December 11, 2013. For a period of over seven years – from August 16, 2006 until December 11, 2013 – Petitioner had no matters pending in state court and failed to move to reopen proceedings in this case. Thus, he failed to comply with the conditions of the stay and, in accordance with the Sixth Circuit precedent, the Court vacates the stay as of the date it was entered, February 24, 2004, and dismisses the petition. Petitioner's amended petition, filed well after the one-year limitations period expired, is untimely. *Palmer v. Carlton*, 276 F.3d 777, 780-82 (6th Cir. 2002) ("If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed.")(internal quotation omitted).

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that Petitioner failed to comply with the conditions of the stay. Therefore, the Court denies a certificate of appealability.

### IV.

Accordingly, **IT IS ORDERED** that Respondent's Motion to Dismiss [dkt. #42] is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED** and a certificate of appealability is **DENIED**.

> s/John Corbett O'Meara
> United States District Judge

Date:  January 13, 2015

5

     I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 13, 2015, using the ECF system and/or ordinary mail.

                              <u>s/William Barkholz</u>
                              Case Manager